

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,339-01

**EX PARTE BRANDON LEE HAMMOCK, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 59,542-A IN THE 27TH DISTRICT COURT
## FROM BELL COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Third Court of Appeals affirmed his conviction. *Hammock v. State*, No. 03-06-00523-CR (Tex. App. —Austin, delivered July 11, 2007 pet. ref'd)(mem. op., not designated for publication).

The trial court signed an order designating issues on March 26, 2019. The habeas record has been properly forwarded to this Court by the district clerk pursuant to TEX. R. APP. P. 73.4(b)(5). However, the record has been forwarded without the trial court having resolved the designated

issue(s) in this case. We remand this application to the 27ᵗʰ District Court of Bell County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

Applicant alleges that, based on the findings in *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014), the juvenile court improperly waived jurisdiction and transferred the case to the district court, resulting in a void conviction. Applicant also contends that his appellate counsel rendered ineffective assistance by failing to raise the issue that the conviction is void because the trial court did not acquire jurisdiction as a result of an invalid transfer order.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court may also order depositions, interrogatories or a hearing. It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of

Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 23, 2019
Do not publish